Good morning. May it please the court, Joe Seguenza for petitioner. The issue in this immigration appeal is whether petitioner's conviction for Penal Code Section 386B1 Elder Abuse constitutes a crime of moral turpitude or CMT to substantiate a finding of removability by the IJ as affirmed by the board. Do you think I could ask you to pull the mic and talk right into it, the acoustics in this room are crummy. Thanks. Petitioner's conviction is governed by the 2002 version of this particular statute and petitioner submits that the statute is a divisible statute. The statute can be violated in one of two ways. It's also significant to note that in the first part of the statute, excuse me, the second part of the statute rather, specifically applies to a, quote, special relationship situation between an whether or not the statute that was referred to in the party's briefs, whether the analysis of this case is significantly affected by the fact that the case is actually governed by the 2002 version. I would submit that the revised version of the statute, the later version, is different in the sense that it includes language, quote, reasonably should know. So, in other words, any person knowing or reasonably should know that a person is an elder, et cetera. That's the only difference between the two statutes and petitioner would submit that for purposes of our discussion today. Let me ask you this. Is it possible to commit this crime, you have to have willfulness under the statute, right? That's correct. And at least it's possible that you have to have actual knowledge that the person is an elder, right? Yes. And that there's actually inflicted unjustifiable pain or mental suffering. Why isn't at least dividing the statute that way, you say it's divisible, using that part of it, why wouldn't that, couldn't that be a crime of moral turpitude? Well, Your Honor, petitioner would submit that it's divisible in the sense that the first part of the statute does reference that any person knowing that a person is an elder or dependent adult willfully permits the elder or dependent adult to suffer unjustifiable mental or physical suffering under circumstances likely to produce great bodily harm. That's the first part of the statute. You can commit a violation of the statute in that sense. However, you can also commit a violation of the statute under the clause any person who having the care and custody of any elder or dependent adult, there's no knowledge requirement there. So it's possible that one section could be, another section not, I gather. So what would you have us do, have us send it back for a modified categorical analysis? We would submit that that is not to have a second bite of the apple, so to speak. Any conviction records, if the record of conviction needs to be analyzed because categorically this crime is not a CMT, utilizing the modified categorical approach, because the petitioner in this case was found guilty by a jury verdict, it's necessary to take a look at the jury instructions to determine what part of the statute the defendant was convicted under. However, the record is bare as to those jury instructions, and petitioner would submit that we have a vague or inconclusive record here. Well, shouldn't the government have an opportunity to show what the record actually reflects, though? They didn't have that opportunity of going in. They thought they had a clean record, a clean case going in, and if it's a modified approach, should they have the opportunity to show what the conviction actually was for? They would, Your Honor. However, in this case, I believe the government did introduce a record of conviction in the lower court before the IJ, and these records were reasonably available to the government at that time to allow the government to have a second bite of the apple, so to speak, to try to argue under a modified categorical approach that this is a CMT situation would be prejudicial to the petitioner. I mean, they didn't know it was not a categorical crime. The IJ didn't think so, and neither did the BIA. I mean, the government, I mean, if you're right, we're all wiser for it, but they didn't know at the time. In that sense, perhaps a remand would be in order. However, it appears that I see Your Honor's argument that the parties approached this from a pure categorical standpoint and didn't really address the modified categorical approach. I would concede to that point, Your Honor. Let me ask you, even without a remand, is this an endangerment type of crime that has that extra boost to it that we wouldn't even have to go into a modified approach? Perhaps. If Your Honor is analogizing to a child endangerment situation — Well, any endangerment, a child or an elderly or someone under your care, custody and control. Well, a petitioner would submit that a, quote, special relationship by itself is not enough to elevate a non-CMT to a CMT situation. Again — I'm referring to the case of Marmol versus Marmolet Campus case. Yes. And if there's an endangerment aspect to it, this would not have to go back for a modified categorical approach analysis, would it? I'm sorry, Your Honor, I — This would not have to go back for a modified approach if it's an endangerment type of crime. Well, I believe this Court has recently, in a precedential decision, I believe it's the Fregoso v. Holder decision, ruled that a child endangerment statute, California child endangerment statute, categorically is not a crime of moral turpitude. So in that sense, I don't see that Marmolejo is controlling in this particular situation. The petitioner submits for the following reasons that this particular statute is not a crime of moral turpitude, rather. It's not a CMT categorically because it can be committed with mere criminal negligence, and the use of the word willful in the statute, according to California law, can include criminal negligence or gross criminal negligence. And at a minimum, it does not require injury or the use of force in this particular statute. If you assume that, the statute is not a CMT. Secondly, the minimum intent punishable is negligence, as said, and there's nothing in the record of conviction to suggest the petitioner was convicted of any greater mens rea than simple negligence. And permitting an elder to be placed in a situation where their personal health may be harmed is de minimis conduct that should not rise to the level of a crime of moral turpitude. And again, as I stated, just because the statute does include language of a specified relationship, I believe, according to the Galeano precedent, doesn't automatically convert a non-CMT to a CMT, especially where the statute can be violated without an intent to injure or an intent to use force. In other words, we would submit that the statute can be violated by someone who places an elder or dependent adult in a situation in which their personal health is, quote, endangered. There's no specific requisite injury or intent to injure in that particular clause of the statute. And for those reasons, we would submit it as not a CMT. Thank you, Mr. Chairman. Thank you. Good morning. Good morning. May it please the Court, this is Dana Camilleri for the Attorney General. In this case, the immigration judge and the Board properly found that Singh's conviction under California Penal Code Section 368b1 is categorically a crime involving moral turpitude. The government submits that it doesn't matter whether the statute is divisible because the entire range of conduct covered by the statute is morally turpitudinous. Would the statute cover a reasonable person, though, negligent conduct as well? It's gross criminal negligence, and the case law that I have seen requires that a caretaker for whom the protected individual is in his complete care literally does not offer any care whatsoever to the dependent or elder adult. And gross negligence is good enough? It's equivalent to willfulness? It is, according to the case law. It is willfulness. You have to willfully permit the adult to elder or the dependent adult's death because of a complete lack of care. But is gross conduct somewhere between negligence, gross, and willful and wanton? They usually speak of willful, wanton conduct. The government would submit that in this case, the gross negligence required would be willful and wanton conduct. Why? Because the case law demonstrates that to you. That's what's been punished under this statute. Is it possible to commit this statute with negligence and, in addition, have no harm suffer? I haven't found a real case where a real case is committed. No, but, I mean, under the way the statute's written, isn't that possible? It can be violated if there's injury or if there's merely endangerment, even without injury? Only in the second part of the statute, where it is the caretaker or custodian that is abusing the relationship. So that is possible, then, under the statute? It is possible, but the... But that's why it would have to be divisible, then, wouldn't it? No, the government submits that that is still moral interpretedness when a caretaker or custodian who is caring for a group that the legislature has specifically stated should be afforded the protections of children. It takes advantage of that or does not, willfully does not do their job. But that is sufficient for moral turpitude. Do you have any case that says you can have a moral turpitude aspect to something which has no damage or injury to the person that the willfulness is directed to? I'm not aware of any. Well, this Court in Galeana considered that if a battery statute, which we submit this is not, but if it were a battery statute, you would be injured, necessarily, by mere touching. But if the group was a protected group by the legislature, and if you look at 368A, the legislature clearly equates this to child abuse. If it's a protected group such as... But the child abuse cases involve actual injury, don't they? No, the language of this statute is exactly the same as 273A, which is the child abuse statute in California. Doesn't result in actual injury? Doesn't require actual injury? It's written the exact same way. If you say that this doesn't require actual injury, then the child abuse statute doesn't require actual injury. Well, it might be assumed or something of that nature, but do we have any immigration cases which show that there can be moral turpitude without an actual injury? I believe in matter of Tran and matter of Dinesh, the case is cited by the board to say that the special relationship elevates the harm, that that was the case. All right. So you're going to a special relationship dialogue. Well, we think the special relationship is what elevates the second portion of the statute. And that obviates the necessity for an injury. Given the gross negligence required for a conviction and the special relationship and the fact that the group has been signaled out as a particularly vulnerable group, the government submits that, yes, that is sufficient for moral turpitude. Were you referring to Guerrero de Nida? That is the — that is where this Court found the 273D of the California Penal Code, which is child abuse, is a CIMT. And in People v. Heisman, the California Supreme Court stated that the language from 368B1 is taken directly from 273A and 273D of the California Penal Code. And additionally, this Court in Mar-a-Lago, there was no actual injury, but there was a level of scienter and it aggravated the conviction for a drunk driving under the influence with a suspended license. He knew what he was doing and that there was a possibility for injury. And that was — you know, that made it — elevated it to a crime involving moral turpitude beyond what a normal DUI would be considered. I'm having a hard time following. I don't see where the language of the statute is the same. And can you direct me where that is, please? 273A and B is exactly the same. Okay. But this — the section involved in Guerrero de Nida, they were talking about 273D. Right. There are some differences between 273D, the California Supreme Court, and people — Right. The previous case dealt with D, not with A. Right. Okay. Now we're on the same page. Do you acknowledge that the latest version of this statute, which deleted — which added knows or reasonably should know, do you feel as if that broadened the liability or restricted the liability? The government concedes that that broadened the liability. Okay. In the 2002 version, it's just knowing. It broadened the liability. And so you feel as if you're better off with the statute that was in effect at the time of the crime? Yes. It's a stronger level of SIANTR, but should have known has also been found to be enough of SIANTR for a CIMT. But it didn't have, with knowledge that he or she is an elder or dependent adult, the prior statute. Yes, it does. It's in the second line. They moved the clauses around in the 2005 version. In the 2002 version, any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult, with knowledge that he or she is an elder or dependent adult, to suffer or inflict unjustifiable pain or suffering. But you feel as if the statute has been broadened, not the statute of conviction, but the follow-up statute was broadened. Broadened by adding reasonably should know. Okay. There are no other questions. The government asks that this court deny the petition for review. Thank you very much. Thank you. Mr. Nguyen, I think you had about a minute or so left for rebuttal. Thank you. Just two brief points in rebuttal. This court had asked government counsel about a comparison between the child abuse statute and this elder abuse statute. We would submit that the elder abuse statute is a much broader statute in the sense that it includes the word language causes and permits, which are much broader concepts, especially the use of the word permit, rather than the language in the child abuse statute, which punishes one who, quote, willfully inflicts, close quote, harm. Secondly, merely because the elder abuse statute includes the language willfulness does not necessarily imply a moral turpitude finding. This petition was submitted general intent statute, and it's a general intent to commit merely the act and nothing more. And I believe under California law, a willful commission of a crime is not by itself sufficient to trigger removal as a crime of moral turpitude. So in that sense, it does not imply an evil intent to justify finding of CMT. Thank you. Thank you very much, counsel. The case just argued is submitted. Good morning.
judges: Cowen, Tashima, Silverman